```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
CHRISTOPHER PIORKOWSKI,

                    Plaintiff,

       -against-                              MEMORANDUM AND ORDER
                                              Case No. 18-CV-3265 (FB)
COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.
---------------------------------------------------x
```

*Appearances:*
*For the Plaintiff:*            *For the Defendant:*
HOWARD D. OLINSKY               PETER W. JEWETT
Olinsky Law Group               Special Assistant U.S. Attorney
300 South State Street          271 Cadman Plaza East
Syracuse, New York 13202        Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Christopher Piorkowski seeks review of the Commissioner of Social Security's final decision denying his application for Disability Insurance Benefits ("DIB"). Both parties move for judgment on the pleadings. For the following reasons, the Commissioner's motion is denied and Piorkowski's motion is granted insofar as it seeks a remand for further proceedings.

I

Piorkowski applied for benefits on June 7, 2012, alleging disability based on injuries to his hand, shoulder, back, and ankle, as well as anxiety and depression. He sought judicial review after an unfavorable decision. Judge Castel of the

1

Southern District remanded for failure to consider his shoulder and hand impairments.

On remand, another ALJ found that Piorkowski suffered severe impairments to his shoulder and ankle, but that his remaining physical impairments did not cause "more than minimal limitations on [sic] the claimant's ability to perform the basic demands of work activity."  AR 414.  Similarly, the ALJ found that Piorkowski's mental impairments "did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities."  AR 415.  The ALJ then found Piorkowski had the residual functional capacity ("RFC") to perform light work with certain limitations, and could "sit, stand, or walk up to 6 hours in an 8 hour day, with normal breaks."  AR 417.  That RFC, the ALJ concluded, precluded Piorkowski from performing his past work, but permitted him to work as a sales attendant, parking lot attendant, or counter clerk.

The Commissioner's Appeals Council declined to review the ALJ's decision, rendering it final.  Piorkowski timely sought judicial review.

## II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

Piorkowski raises three issues on appeal. The Court concludes that the first requires remand and addresses the other two to obviate the need for a third round of judicial review.

**A.     Dr. Benatar**

Orthopedist Dr. Ben Benatar treated Piorkowski for his shoulder and ankle injuries. On March 29, 2012, he opined that Piorkowski had a "markedly affected" ability to lift, carry, kneel, and squat. AR 420. On June 10, 2012, he opined that Piorkowski should avoid heavy lifting and overhead work. AR 420. On October 4, 2012, he opined that Piorkowski could stand or walk "less than 2 hours in an 8 hour day." AR 420.

The ALJ gave Dr. Benatar's opinions "little weight," reasoning that the first was "vague" and that the second and third were "rendered after the date last insured and . . . not probative of the period at issue." AR 420. Instead, the ALJ based his RFC finding on the assessment of Dr. Fuchs, an orthopedic surgeon retained by the Commissioner to review the medical records. Dr. Fuchs did not examine Piorkowski.

3

A treating physician's RFC assessment is not necessarily entitled to controlling weight because a claimant's RFC is an issue "reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2). However, an ALJ must still provide "good reasons" for the weight assigned to a treating physician's RFC assessment. *See Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (citing *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004)). Failure to do so is grounds for remand. *See id.* at 130 (citing *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)).

The ALJ's reasons for giving Dr. Benatar's opinions little weight were not "good reasons." If the ALJ thought the opinion regarding Piorkowski's ability to lift, carry, kneel, or squat was vague, he should have asked Dr. Benatar for clarification. *See* 20 C.F.R. § 404.1520b(b)(2) (listing ALJ's options when "we have insufficient evidence to determine whether you are disabled"). Regarding the timing of the opinions, it is unlikely that Piorkowski's limitations would have been *less* severe at an earlier date when Piorkowski was still insured. In any event, the ALJ could have asked Dr. Benatar for a retrospective assessment; such requests are commonplace. *See, e.g.*, *Martinez v. Massanari*, 242 F. Supp. 2d 372, 378 (2d Cir. 2003) ("The ALJ's failure to pursue and consider the possibility of retrospective diagnosis based on these subsequent tests and treatments was error."). The ALJ's reliance on Dr. Fuchs' opinion does not cure the error because, in the face of a treating physician's opinion, "[t]he general rule is that the written reports of

4

medical advisors who have not personally examined the claimant deserve little weight in the overall evaluation of disability." *Vargas v. Sullivan*, 898 F.2d 293, 295 (2d Cir. 1990) (internal quotation marks omitted).

**B.     Other Impairments**

Piorkowski next argues that the ALJ erred in excluding his back injury and mental impairments from the RFC analysis. Since the Court is already remanding for reconsideration and, if necessary, clarification of Dr. Benatar's opinions, it need not decide whether this, too, warrants remand. Instead, it suffices to remind the Commissioner that the need for a "severe" impairment is "intended only to screen out the very weakest cases." *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014). Once a claimant has established at least one severe impairment—as Piorkowski has done—an ALJ's RFC determination "must account for limitations imposed by both severe and nonsevere impairments." *Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012).

**C.     ALJ's Authority**

Finally, Piorkowski argues that the ALJ hearing his case was not properly appointed. In *Lucia v. SEC*, 138 S. Ct. 2044 (2018), the Supreme Court held that the SEC's ALJs are "inferior officers" who had not been appointed by the head of the agency, as required by the Appointments Clause of the Constitution. *See id*. at 2053. Recognizing the likely impact of *Lucia* on the Social Security

5

Administration's ALJs, the Commissioner ratified their appointments and "approved those appointments as her own." SSR 19-1P, 2019 WL 13248666, at *2 (SSA Mar. 15, 2019). Thus, the ALJ hearing Piorkowski's case on remand will have been properly appointed.

### III

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is denied, Piorkowski's motion is granted, and the matter is remanded to the Commissioner with instructions to remand to the ALJ for further proceedings consistent with this memorandum and order.

**SO ORDERED**.

  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 8, 2020